IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Perry Conley,

    Plaintiff,

    v.                                         Case No. 1:03cv495

U.S. Bank National Association,         District Judge Michael H. Watson

    Defendant.

**OPINION AND ORDER**

Before the Court is the November 30, 2004 Motion of Defendant, U.S. Bank National Association (hereinafter "Defendant"), for Summary Judgment (Doc. 22). Plaintiff James Perry Conley (hereinafter "Plaintiff") filed a Memorandum in Opposition on January 6, 2005 (Doc. 28). Defendant filed a Reply on January 20, 2005 (Doc. 31).

For the reasons that follow, the Motion of Defendant for Summary Judgment is **GRANTED.**

**I.**     **FACTS**

Plaintiff worked as a relationship manager in Defendant's, and its predecessors', Institutional Trust department (hereinafter "Trust department") from May, 1998 until Defendant terminated his employment January 15, 2003. (Plaintiff Depo. 30, 21-2, 56) At the time of his termination, Plaintiff was 58 years old and the oldest relationship manager in the department. (Plaintiff Depo. Exh. 16)

In the Fall of 2002, management ordered a ten percent reduction in costs in the Trust department. (Scheper Depo. at 27; Fish Depo. at 50-51) Larry Fish, the Trust

department manager, reviewed the options available to meet the reduced cost targets, and decided that only job cuts could accomplish the necessary reductions. (Fish Dep. at 51)

Generally, in reduction in force situations, Defendant uses a peer group analysis (hereinafter "PGA") procedure to decide which positions to eliminate within a given class of employees. (Borthwick Depo. at 29-30) The procedure uses job-related criteria to ensure the most qualified and effective employees are retained. (*Id.* at 32-33, 35) During this reduction in force, Mr. Fish used the PGA procedure with three classes of employees within the department: relationship managers (including Plaintiff), account managers, and employee education specialists. (Fish Depo. at 53, 59, 61-62; Plaintiff Depo. Exh. 16) Before completing the PGA forms, Mr. Fish met with and collected input from the managers who reported to him. (Fish Depo. at 53-58) He used this input in conjunction with his own experience with employees in the group to complete the forms. (*Id.*) He eliminated the lowest scoring employee in each class. (Fish Depo. at 60)

In December, 2002, Defendant informed Plaintiff his job was being eliminated effective January 15, 2003 as part of a reduction in force in the Trust department. (Plaintiff Depo. 55; Amended Complaint, ¶ 12) He received the lowest PGA score in the relationship manager group, even though he received 3 extra points since he was more than 40 years old. (Plaintiff Depo. Exh. 16) Further, the previous year, Mr. Fish ranked Plaintiff lowest among the relationship managers in an evaluation. (Fish Depo. 146-47; Fish Depo. Exh. 8; Scheper Depo. 46-48) However, Defendant admits Plaintiff met the qualifications for the job (Answer, ¶ 12), and had displayed satisfactory performance on

his job. (Scheper Depo. at 35)  In addition to Plaintiff, the two other employees whose positions were eliminated were account manager Eileen Riesenbeck, age 40, and employee education specialist Mary Wilson, age 32. (Fish Depo. at 60; Plaintiff Depo. Exh. 16)

After the reduction in force, the ages of the remaining relationship managers were 55 (two), 48 (two), 43, 42, 40, 37 and 41.  (*Id.*) The ages of the remaining account managers were  51, 49 (two), 47, 41, 39 (two), 36, 35 and 24.  (*Id.*) The age of the remaining employee education specialist was 25. (*Id.*)

During his employment with Defendant, Plaintiff was unaware of Defendant's managers making derogatory age-based comments about him or other employees. (Plaintiff Depo. at 132-36)

Subsequent to Plaintiff's termination, in late January or early February 2003, Defendant decided to begin another reorganization of the Trust department. (Fish Depo. at 132) As a result, Mr. Fish began to work on new staffing models for the Trust department, which included the outsourcing of account manager positions and the creation of a new relationship manager position.  (Fish Depo. at 134) These models were developed between March and May, 2003 (*Id.*)  After the models were in place, Kyle Erion, then age 25, an employee education specialist retained during the Fall 2002 downsizing, received consideration for the new relationship manager position. (Fish Depo. at 136-140) Mr. Erion received the promotion effective August, 2003. (Erion Depo. at 6)

## II. ARGUMENT OF PARTIES

Defendant argues Plaintiff's age discrimination claims fail as a matter of law

because Plaintiff cannot make a *prima facie* case of age discrimination in a reduction-in-force context, and in the alternative, Plaintiff cannot show Defendant's reason for dismissal was a pretext. Specifically, Defendant argues Plaintiff has not shown through any direct, statistical, or circumstantial evidence that age played a role in Defendant's decision to eliminate Plaintiff's job. Further, Defendant asserts that since the burden of proof rests with the Plaintiff, he must supply some evidence of pretext after making a *prima face* case.

Plaintiff argues a *prima facie* case can be made in this matter based on disparate treatment of younger employees in the job elimination process, the presence of "ageist stereotypes" in the minds of Defendant's management, or alternatively by Plaintiff's replacement by a younger employee. In addition, Plaintiff argues he can show Defendant's reason for termination is pretextual, since Defendant's managers made inconsistent statements about the termination, or because they failed to follow Defendant's PGA process. In the alternative, Plaintiff argues his dismissal stemmed from performance concerns with no record to document them.

## III. ANALYSIS

### A. Summary Judgment

Summary judgment should be granted when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c). While the moving party must demonstrate an absence of evidence to support the non-moving party's case, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 322 (1986). Once the moving party has met its burden of production, the non-moving party may not rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Such evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

### B. Age Discrimination

The Age Discrimination in Employment Act (ADEA) provides: "It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 USC § 623. To prevail in an action under the ADEA, a plaintiff must show his age had a "determinative influence on the outcome" of the employment decision. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000) (*quoting Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). The Sixth Circuit generally follows the *McDonnell Douglas* burden-shifting analysis to examine age discrimination claims, *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1081 (6th Cir. 1994) (*citing McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)), which requires the plaintiff establish a *prima facie* case of discrimination. *Id.* If the plaintiff succeeds in making a *prima facie* case, it creates the presumption of unlawful discrimination by the employer. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The employer must then "articulate some

legitimate, nondiscriminatory reason" for the dismissal. *McDonnell Douglas*, 411 U.S. at 802. If the employer provides a legitimate nondiscriminatory reason, the burden shifts back to the plaintiff to demonstrate that the offered reason is pretextual. *Id.* at 804.

### 1. *Prima Facie* Case

To establish a *prima facie* case of age discrimination arising out of a reduction-in-force, Plaintiff must show he was a member of the protected class, he was discharged, he was qualified for his position, and produce "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Barnes v. GenCorp Inc.,* 896 F.2d 1457, 1464-65 (6th Cir. 1990). Plaintiff can easily establish the first three prongs of this requirement. At age 58, he was a member of the protected class when discharged, and Defendant admits Plaintiff was qualified for his position. The focus of the parties' dispute centers on whether the Plaintiff can show direct, circumstantial, or statistical evidence of age discrimination. Since the record contains no direct evidence offered by Plaintiff to support a claim of age discrimination, the Court turns to two arguments made by Plaintiff based on circumstantial and statistical evidence.

### a. Disparate Treatment

First, Plaintiff argues Defendant treated younger, similarly situated employees more favorably. The Sixth Circuit holds the fourth prong of *Barnes* is satisfied when a plaintiff "demonstrates that a comparable non-protected person was treated better." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998). Plaintiff attempts to make this showing by stating that "younger relationship managers who were

retained consistently received higher PGA scores." This assertion is axiomatic based on the facts that Plaintiff was the oldest Relationship Manager, he received the lowest score, and the scores were the basis for retention. It does not prove, however, that Plaintiff's dismissal was motivated by age.

Plaintiff argues the average scores for Relationship Managers on the PGA evaluation decline with age. While this is true, the number of people in the group gives these numbers no statistical value. "For statistics to be valid and helpful in a discrimination case, both the methodology and the explanatory power of the statistical analysis must be sufficient to permit an inference of discrimination." *Simpson v. Midland-Ross Corp*., 823 F.2d 937, 944 (6th Cir. 1987). A sample which is too small can undermine the probative value of the statistical evidence. *Id.* at 943. Here, Plaintiff presents averages based on subsets of a group with only ten members. Thus, the averages have no probative statistical value.

Plaintiff not only disputes the result, but also the PGA process. It is undisputed that Mr. Fish, as manager of the Trust department, had the authority and discretion to make the decisions about whose jobs would be eliminated as part of the bank's reduction in force. Plaintiff objects to the subjectivity that entered into the process when Mr. Fish did not review employment records or sales and performance data for the relationship managers before completing his evaluations. Mr. Fish, however, did solicit input from his management staff. The Sixth Circuit holds that subjective employment decisions are not *per se* illegal. *Grano v. Dept. of Dev.* 699 F.2d 836, 837 (6th Cir. 1983). Furthermore, "[s]ubjective reasons are sufficient if they result from investigation

into the employee's character and performance." *Tye v. Board of Educ.*, 811 F.2d 315, 320 (6th Cir. 1987).  By choosing to meet with his management staff to solicit their input before completing his evaluations, and by completing all of his evaluations in the same manner, he did nothing procedurally which treated non-protected employees better.  In addition, members of the protected class received three additional points on the evaluation because of their age.  In light of these facts, and lack of any direct evidence to the contrary, Plaintiff fails to meet the *Ercegovich* criterion that "a comparable non-protected person was treated better" and does not establish a *prima facie* case of discrimination based on disparate treatment.

### b. Ageist Sterotypes/Statements

Plaintiff asserts he can meet the fourth prong of a *prima facie* case of age discrimination because the impressions of management, which formed the basis for Mr. Fish's evaluation, were based on ageist stereotypes.  Plaintiff cites three cases, all involving statements by supervisors about the employee's age, in support of this proposition: *Reeves v. Sanderson Plumbing*, 530 U.S. 133 (2000), *Wexler v. Whites Fine Furniture*, 317 F.3d 564 (6th Cir. 2003) (*en banc*), and *Johnson v. Kroger Co.,* 319 F.3d 858 (6th Cir. 2003).  These cases all involve statements by supervisors about the employee's age. *Id.*  While age-related comments would permit an inference of discriminatory intent, *Reeves*, 530 U.S. at 152, Plaintiff offers no evidence Mr. Fish or other supervisors made statements related to Plaintiff's age.

All of the comments cited by Plaintiff, whether objectively based or not, refer to performance attributes.  Observations by supervisors that Plaintiff "lacked initiative,"

was "not setting the world on fire," and was not a "go-getter" have no demonstrable relationship to Plaintiff's age. Moreover, they do not demonstrate "ageist stereotypes." These comments, made merely to indicate performance-based impressions, could apply to an employee of any age.

In addition, if ageist stereotypes played a role in Defendant's reduction in force, it would be reasonable to expect that those chosen for job elimination in the other categories would be older employees. This is not the case. The age of the account manager whose job was eliminated fell squarely in the middle of the age range of the account managers evaluated. While the employee education specialist who was terminated was the older of the two, at age 32, her age is not within the class of employees protected by ADEA.

Based on the absence of statements by Defendant's managers concerning Plaintiff's age or other evidence to show the presence of ageist stereotypes, Plaintiff's argument does not make a *prima facie* case of age discrimination.

### c. Replacement by a Substantially Younger Employee

Plaintiff argues that the promotion of Mr. Erion, from employee education specialist to relationship manager, seven months after Plaintiff's job was eliminated establishes a *prima facie* case of age discrimination, because it amounts to a replacement. In effect, Plaintiff would have the Court adopt the four-part age discrimination test adopted by the Sixth Circuit in *Akerman v. Diamond Shamrock Corp.*, 670 F.2d 66 (6th Cir. 1982):

> As modified to fit age discrimination cases, the *McDonnell Douglas* test for making out a *prima facie* case of discrimination requires that a plaintiff demonstrate that (1) he was a member of the protected class; (2) he was discharged; (3) he was qualified for the position; and (4) he was replaced by a younger person.

*Id.* at 69. This argument fails for two reasons.

In *Barnes,* the Sixth Circuit distinguished cases involving replacements from cases involving reductions in force*:*

> A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions within the company. An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. However, a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties.

*Barnes*, 896 F.2d at 1465.  First, Plaintiff admits, and uncontroverted testimony from Defendant's managers demonstrates, Plaintiff's job was eliminated as part of a reduction in force.  Second, assuming *arguendo* that this explanation was a cover for unlawful discrimination, Plaintiff cannot demonstrate he was replaced as a matter of law.  When his job was eliminated, Plaintiff's duties were divided between two other employees in addition to their own.  Six months later, and following a subsequent reorganization by Defendant, Mr. Erion was promoted to relationship manager. However, he was not assigned the same accounts or duties as Plaintiff.  As such, Plaintiff cannot demonstrate replacement under the *Barnes* test.  Therefore, the Court concludes the facts of this case constitute a reduction in force, not  a replacement.

For the all of these reasons, the Court holds Plaintiff has not made a *prima facie* case of age discrimination.

### 2. Pretext

Assuming Plaintiff establishes a *prima facie* case of age discrimination, the burden shifts to the Defendant to provide a legitimate, non-discriminatory reason to terminate his employment. *McDonnell Douglas*, 411 U.S. at 802. In response, Defendant maintains the termination was part of a department-wide reduction in force, which was performed in a manner to retain the most effective, and eliminate the least effective, employees. Since Defendant proffers a legitimate nondiscriminatory reason, the burden shifts back to Plaintiff to demonstrate that the offered reason is a pretext for illegal discrimination. *Id.* at 804.

> To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge.

*Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

Plaintiff makes three arguments: first, Defendant offered inconsistent statements about his termination; second, Defendant terminated Plaintiff for poor performance without cause; and third, Defendant's managers failed to follow the PGA procedure for determining whose jobs would be eliminated. Upon review, the arguments advanced by Plaintiff fail to assert that Defendant's reasons had no basis in fact, or were insufficient to motivate discharge. Instead, Plaintiff attempts to indirectly refute Defendant's explanation. "[I]n order to make this type of rebuttal showing, the plaintiff may not rely

simply upon his *prima facie* evidence but must, instead, introduce additional evidence of age discrimination." *Id.* "In such cases, the plaintiff attempts to indict the credibility of his employer's explanation by showing circumstances which tend to prove that an illegal motivation was *more* likely than that offered by the defendant." *Id.* (emphasis in original) None of Plaintiff's arguments make this showing.

Since Plaintiff's first and second arguments both involve whether job performance motivated his dismissal, the Court shall address them together. Defendant argues that its process for determining which employees to terminate during a reduction in force involves several factors, including performance. The PGA evaluation sheets enumerate various criteria, including performance, job-related personal attributes, experience, and education. Plaintiff charges that Defendant's managers made inconsistent statements about whether his dismissal was performance based. Upon review, these statements are not inconsistent with Defendant's position that it determined the least effective employees based on several attributes. While performance attributes played a role in the PGA process, the decision was not based solely upon job performance. Since Plaintiff's dismissal was not solely based upon performance concerns, his second argument that he was terminated for poor job performance without a record to support the action likewise fails.

Finally, Plaintiff argues that Defendant's managers failed to follow the PGA process as established by Defendant. The record indicates Mr. Fish met with his managers to gather input and identify potential candidates for job elimination before filling out the forms. Even if this procedure was not the standard manner for completing

the PGA process, and the resulting evaluations were more subjective than Defendant's human resources department might prefer, Plaintiff fails to show any evidence that his age was a subjective element in his dismissal. The Sixth Circuit states: "The ultimate issue in each case is whether the subjective criteria were used to disguise discriminatory action." *Grano*, 699 F.2d at 837. Failure by Defendant to precisely follow its own evaluation processes does not rise to the level of showing discriminatory intent was more likely the cause of Plaintiff's dismissal than the business reason offered by Defendant.

As a result, Plaintiff cannot demonstrate that Defendant's reasons for dismissal are pretext, even assuming he could make a *prima facie* case. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's ADEA claim is **GRANTED**.

### C. State Law Claim

"Under Ohio law, the elements and burden of proof in a state age-discrimination claim parallel the ADEA analysis." *Ercegovich*, 154 F.3d at 357. Accordingly, the inability of Plaintiff's ADEA claim to withstand summary judgment requires Plaintiff's claim pursuant to O.R.C. § 4112.02 to also fail. Therefore, Defendant's motion for summary judgment with respect to Plaintiff's Ohio age-discrimination claim is **GRANTED**.

### D. State Public Policy Claim

The public policy against age discrimination at issue in this case is embodied in statute in the ADEA, 29 U.S.C. § 623, and in O.R.C. § 4112.02. If Defendants are entitled to summary judgment on these claims, then summary judgment is also appropriate on the related public policy claim. *Jones v. Kilbourne Med. Labs.*, 162 F.

Supp. 2d 813, 831 (S.D. Ohio, 2000).  Therefore, Defendant's Motion for Summary Judgment with respect to Plaintiff's public policy claim is **GRANTED**.

IV. <u>**CONCLUSION**</u>

In conclusion, the record in ths matter demonstrates that there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law on Plaintiff's Age Discrimination in Employment Act claim, state age discrimination claim, and state public policy claim.  Accordingly, Defendant's Motion for Summary Judgment (Doc. 22) is **GRANTED**.  This matter is hereby dismissed and removed from the docket of this court.

**IT IS SO ORDERED.**

<u>/s/Michael H. Watson</u>_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**